Gilpin, Ch. J.,

announced the opinion of the Court.
Benjamin Potter, by the sixth item of his will, dated the twenty-sixth of July, A.D. 1839, bequeathed to his nephew, Benjamin Potter, four thousand dollars; to his nephew, Edmond Upsher Potter, one thousand dollars ; and to his two nieces, Sarah Tabitha Potter and Virginia Potter, five hundred dollars each; and then proceeds, in the same item, to .say that, “ All the sums bequeathed to the four above-named legatees, to be paid by my executors or guardians, appointed by the Orphans’ Court, to the males when they arrive at the age of twenty-one years, and the females when they arrive at the age of eighteen years.” By the second codicil to his will the testator revokes the legacy of four thousand dollars, given by the sixth item of his will to his nephew Benjamin Potter, and bequeaths the said four thousand dollars to his said nephew and *395 nieces, namely, Edmond Upsher Pottei’, Sarah Tahitha Potter, and Virginia Potter, “ share and share alike, the same to be paid to them in the same manner and at the same time as is directed and mentioned in the aforesaid sixth item of my said last will and testament.”
The question presented by the bill and demurrer, for the consideration of the Court, is, whether the legatees first named, who are the complainants in this case, are entitled to interest on their several legacies from one year after the death of the testator, until they attained their respective ages of eighteen and twenty-one years.
It may be laid down as a general rule, that a party is entitled to interest on money, on account of delay in the payment of the principal sum or debt. And in respect to legacies, it is well settled, by a long series of decisions, that interest is payable on them only from the time at which the principal of the legacies becomes actually due. It is important, therefore, in the first place, to ascertain the precise time at which the principal becomes payable, since interest cannot begin to accrue before that time.
Specific legacies, or bequests of a corpus, which, in contemplation of law, are considered as severed and separated from the bulk of the testator’s property by the will itself, carry their product or interest from the testator’s death, unless the will contains directions to the contrary.
G-eneral pecuniary legacies, where no time of payment is appointed by the testator, are governed by a different rule. They are not due. or payable until one year from the death of the testator, and do not, therefore, carry interest until after the expiration of that time, since interest in such cases is only allowed for delay of payment, and there can be no such delay until after the year is elapsed.
With respect to general pecuniary legacies, when the time of payment is named by the testator, there is no general rule more uniformly laid down by the elementary writers, or better settled by adjudged cases, both in this country and in England, than that such legacies do not carry interest before the arrival of the appointed period of *396 payment, notwithstanding the legacies are vested. Such, then, being the general rule, recognized by all the cases cited in the argument, or which can be found in the books, we proceed to' consider the exceptions to it. What are they? The exceptions to the rule are to be found in cases where the legatee is a child of the testator, or one towards whom he has placed himself in loco parentis; or where, from the , terms of the will, it is manifest the testator intended to give interest before the time for payment of the principal. In the absence of such intention expressed on the face of the will, or clearly implied from its terms, the legacy does not carry interest. ,
In the case of a child of the testator, or one towards whom he stands in the place of a parent, interest is given in the meanwhile upon the legacy, by way of maintenance, where the child has no other provision; for it is not to be presumed that the parent, in such a case, was so regardless of the moral obligations resting upon him, as to leave the child in a state of destitution in the meantime. Cases of intention, apparent upon the face of the will, to. give interest from the death of the testator, speak for themselves. Something must be said in the will that shows such intention; otherwise .such interest can not be allowed.
Do the .legatees, in this case, bring themselves within either of these exceptions ? If they do not, what ground have they tó stand on?
The bequests in question present the ordinary cases of vested legacies payable at a future day; namely, when the testator’s nephew should arrive at the age of twenty-one years, and when his nieces should arrive at the age of eighteen years. The legatees are not children of the testator, nor persons towards whom he had placed himself in loco parentis. They are not residuary legatees. There is no direction in the will for the payment of interest, nor anything in the clauses containing the bequests in question, nor in the manner in which the residue of the estate is disposed of, nor in any other provision of the will, from which it can be fairly or reasonably inferred that the tes *397 tator intended to give interest. It may be proper to advert for a moment to the cases which have been cited in the argument.
The case of Heath v. Perry, 3 Atk. 101, is anything but an authority in favor of the complainants. Lord Hardwicke there lays down the rule in express terms, in the case of a vested legacy payable at twenty-one, that “ it shall not cony interest unless something is said in the will that shows the testator intended to give interest, in the meantime;” and he "decreed that the residuary legatee should take the interest. The same doctrine is fully recognized as of binding authority, in Crickett v. Dolby, 3 Ves. 10; and in Tyrrel v. Tyrrel, 4 Ves. 1.
' The cases of Chaworth v. Hooper, 1 Bro. C. R. 82, and Butler v. Butler, 3 Atk. 60, were bequests of the “ residue,” and are properly distinguishable from the present case; for a bequest of .the residue, although made payable in futuro, carries the interest. The bequest in the case of Banstrom v. Wilkinson, 7 Ves. 421, which was of “ one dock share in ' the • present new dock, at Kingston-upon-Hull,” was specific in its character, and comes within the rule in relation to specific legacies.
The cases of Mills v. Roberts, 5 Eng. C. R. 557, Leslie v. Leslie, 10 Eng. C. R. 384, and of Boddy v. Dawes; 15 Eng. C. R. 363, are all cases where the intention of the testator to give interest may be fairly and reasonably implied. In the language of. Lord Hardwicke, as used in the case of Heath v. Perry, there is “ something in the will that shows the testator’s intention to give interest.”
The case of Ackerley v. Vernon, 1 Pr. Wms. 783, rests on its own peculiar circundstances. Lord Hardwicke was dissatisfied with it;, and Lord Redesdale, in Ellis v. Ellis, 1 Scho. & Lef. 1, calls it a singular case, and seems to have doubted it. And although it has never been overruled, still it has never been followed, upon the ground taken by Lord Macclesfield, that the legacy was severed from the bulk of the estate. It has been sustained, However, by later decisions, upon the *398 ground of the testator’s having placed himself in loco parentis to the legatee.
We have been unable to discover anything in the will and codicils which should withdraw this case from the operation of the general rule denying interest on general legacies payable in futuro; and we therefore affirm the decree of the Chancellor in all respects, and remand the record to the Court below.